UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

|  |  |
|---|---|
| IN RE COMPACT DISC MINIMUM ADVERTISED PRICE ANTITRUST LITIGATION ] ] ] ] | MDL DOCKET NO. 1361 *(This Document Applies to John A. Deep v. Recording Industry Ass'n of of America, Inc., et al., No. 2:05cv118)* |

ORDER ON PLAINTIFF'S MOTION TO SHOW CAUSE

John A. Deep, a *pro se* plaintiff, has moved for an "order to show cause re remedies." Specifically he seeks to have the law firm of Boies, Schiller & Flexner LLP disqualified in this litigation; to have other lawyers "held to have violated the Maine Code [of Professional Responsibility]," Mot. for Order to Show Cause at 2 (Docket Item 3); and to have me vacate the judgment in the Compact Disc Minimum Advertised Price Antitrust Litigation ("CD antitrust litigation"). The motion is **DENIED**.

The MDL Panel recently transferred Deep's lawsuit against certain record company defendants and others from the Northern District of New York to this Court. Boies Schiller does not appear as counsel for any of those defendants. Boies Schiller did represent Trans World Entertainment Corp. in that portion of the multidistrict CD antitrust litigation in this District that did not involve music clubs. Final judgment entered in that portion of the CD antitrust litigation, however, on July 9, 2003, following a court-approved settlement of claims.[1] From all that appears, Deep never filed a claim to any portion of those

---

[1] A separate portion of the CD antitrust litigation, specifically the music club portion, remains pending in one very narrow respect. Settlement of that portion also has occurred, and I have

settlement proceeds, never filed an objection and never sought to be excluded from the class. Indeed, the claims in his lawsuit seem distinct from the consumer claims settled in the CD antitrust litigation.[2] In any event, Deep has shown absolutely no ground for vacating the final judgment approving the settlement of those consumer claims. Therefore, the third request for relief—vacating the judgment—is **DENIED**.

Because the CD antitrust litigation (except for the music club portion) ended in this Court on July 9, 2003, there is also no reason to "disqualify" a law firm in that proceeding. Boies Schiller and its then client, Trans World Entertainment Corp., are no longer litigants in that lawsuit. Therefore, the first request for relief is **DENIED**.

Finally, Deep seems to believe that other out-of-state lawyers[3] in the CD antitrust litigation violated the Maine Code of Professional Responsibility. Specifically, he asserts that these other lawyers were aware of a conflict between him and Boies Schiller and defaulted in their professional responsibility to report that conflict. Deep may, if he chooses, initiate a grievance before the Board of Overseers of the Maine Bar. But any jurisdiction I might have over the out-of-state firms he has named would come from Local

---

approved attorney fees and expenses. All that remains is to decide what nonprofit organization(s) shall receive certain leftover funds. Boos Schiller does not represent any party in that lawsuit, <u>Trowbridge, et al. v. Sony Music Entertainment, Inc., et al.</u>, Docket No. 2:00-MD-1361-P-H.

[2] Deep claims to be an inventor who entered into a joint venture with Trans World Entertainment Corp to sell musical recordings over the Internet. He claims damages to his business venture resulting from alleged price-fixing behavior of the defendants.

[3] Although Deep states that the "lawyers from *any* of 7 firms" should have revealed the alleged conflict of interest, he does not name specific lawyers in his memorandum, and I have no basis for taking disciplinary action against the entertainment industry associations he names.

Rule 83.3(h):

> Whenever an attorney applies to be admitted or is admitted to this Court for purposes of a particular proceeding (*pro hac vice*), the attorney shall be deemed thereby to have conferred disciplinary jurisdiction upon this Court for any alleged misconduct of that attorney arising in the course of or in the preparation for such proceeding.

The alleged misconduct apparently is that these law firms should have informed this Court that Boies Schiller had a conflict in representing Trans World Entertainment Corp. before this Court because the firm simultaneously was representing Deep in negotiations with Trans World in New York. But Trans World is not complaining of any alleged conflict. Instead, Deep apparently believes that Boies Schiller did not adequately represent him in his dealings with Trans World in New York or improperly failed to disclose to him the settlement in the CD antitrust litigation. I conclude that any failure on the part of other lawyers to disclose the alleged conflict of Boies Schiller (assuming they knew of it) to this Court was not "misconduct . . . arising in the course of or in the preparation for" a proceeding in this Court. Moreover, even if I had jurisdiction, the remedy would be to refer the firms to bar counsel for an investigation, not financial relief, which Deep apparently is seeking in his current lawsuit.

Deep has also filed a "Request for Judicial Notice." In light of my ruling above, the request is **MOOT**.

**SO ORDERED.**

**DATED THIS 8TH DAY OF AUGUST, 2005**

        /s/D. Brock Hornby
        **D. BROCK HORNBY**
        **UNITED STATES DISTRICT JUDGE**

**U.S. DISTRICT COURT**
**DISTRICT OF MAINE (PORTLAND)**
**CIVIL DOCKET FOR CASE #: 2:05CV118**

| | | |
|---|---|---|
| **JOHN A. DEEP**<br><br>    Plaintiff | represented by | **JOHN A. DEEP**, Pro Se<br>26 ROOSEVELT BLVD<br>COHOES, NY 12047<br>(518) 233-0225 |

v.

| | | |
|---|---|---|
| **RECORDING INDUSTRY ASSOCIATION OF AMERICA, INC.** | represented by | **TERENCE J. DEVINE**<br>**DAVID F. KUNZ**<br>DEGRAFF, FOY LAW FIRM<br>90 STATE STREET<br>ALBANY, NY 12207<br>(518) 462-5300 |
| **ARISTA RECORDS, INC.** | | See above |
| **ATLANTIC RECORDING CORPORATION** | | See above |
| **ATLANTIC RHINO VENTURES, INC**.<br>d/b/a RHINO ENTERTAINMENT COMPANY | | See above |
| **BAD BOYS RECORDS** | | See above |
| **ARISTA GOOD GIRLS, INC.** | | See above |
| **CAPITOL RECORDS, INC.** | | See above |
| **ELEKTRA ENTERTAINMENT GROUP, INC.** | | See above |
| **HOLLYWOOD RECORDS, INC.** | | See above |
| **INTERSCOPE RECORDS** | | See above |
| **LAFACE RECORDS, INC.** | | See above |
| **LONDON-SIRE RECORDS, INC.** | | See above |
| **MOTOWN RECORD COMPANY, LP** | | See above |

| | |
|---|---|
| **RCA RECORDS LABEL**<br>*agent of*<br>BMG MUSIC | See above |
| **SONY MUSIC ENTERTAINMENT, INC.** | See above |
| **UMG RECORDINGS, INC.** | See above |
| **VIRGIN RECORDS AMERICA, INC**. | See above |
| **WALT DISNEY RECORDS** | See above |
| **WARNER BROS RECORDS, INC.** | See above |
| **WEA INTERNATIONAL, INC.** | See above |
| **WEA LATINA, INC.** | See above |
| **ZOMBA RECORDING CORPORATION** | See above |
| **METRO-GOLDWYN-MAYER STUDIOS INC** | See above |
| **COLUMBIA PICTURES INDUSTRIES, INC.** | See above |
| **DISNEY ENTERPRISES, INC.** | See above |
| **NEW LINE CINEMA CORPORATION** | See above |
| **PARAMOUNT PICTURES CORPORATION** | See above |
| **TIME WARNER ENTERTAINMENT COMPANY, LP** | See above |
| **TWENTIETH CENTURY FOX FILM CORPORATION** | See above |

| | | |
|---|---|---|
| **UNIVERSAL CITY STUDIOS, INC.** | | See above |
| **TRANSWORLD ENTERTAINMENT CORPORATION**<br><br>Defendants | represented by | **ANDREW C. ROSE**<br>NIXON, PEABODY LLP<br>OMNI PLAZA, SUITE 900<br>30 SOUTH PEARL STREET<br>ALBANY, NY 12207<br>(518) 427-2666 |

**U.S. DISTRICT COURT**
**DISTRICT OF MAINE (PORTLAND)**
**CIVIL DOCKET FOR CASE #: 2:00-MD-1361-DBH**

**LIAISON COUNSEL FOR THE PLAINTIFF STATES:**
Francis E. Ackerman, Maine Assistant Attorney General
6 State House Station
Augusta, ME  04333-0006
(207) 626-8800

**LEAD COUNSEL FOR THE PLAINTIFF STATES:**
Linda Gargiulo, Assistant Attorney General
120 Broadway, Suite 2601
New York, NY  10271
(212) 416-8274

Lizabeth Leeds, Assistant Attorney General
PL-01 The Capitol
Tallahassee, FL  32399-1050
(850) 414-3851

**LIAISON COUNSEL FOR THE PRIVATE PLAINTIFFS:**
Alfred C. Frawley, III, Esq.
Gregory P. Hansel, Esq.
Preti, Flaherty, Beliveau & Haley, LLC
P.O. Box 9546
Portland, ME  04112-9546
(207) 791-3230

**LEAD COUNSEL FOR THE PRIVATE PLAINTIFFS:**
Joseph C. Kohn, Esq.
Michael J. Boni, Esq.
Kohn, Swift & Graf, PC
One South Broad Street, Suite 2100
Philadelphia, PA  19106
(215) 238-1700

**COUNSEL FOR THE TROWBRIDGE PLAINTIFFS:**
Michael Jaffe, Esq.
Wolf Haldenstein Adler Freeman & Herz, LLP
270 Madison Avenue
New York, NY  10016
(212) 545-4600

**LIAISON COUNSEL FOR THE DISTRIBUTOR DEFENDANTS:**
William J. Kayatta, Jr., Esq.
Clifford H. Ruprecht, Esq.
Pierce Atwood
One Monument Square
Portland, ME  04101
(207) 791-1100

**LIAISON COUNSEL FOR THE RETAILER DEFENDANTS:**
Joseph H. Groff, III, Esq.
Jensen, Baird, Gardner & Henry
P.O. Box 4510
Portland, ME  04112-4510
(207) 775-7271